1  **MICHAEL C. WARNKEN,**
   Self Represented Sua Sponte
2  6715 Binghamton Road
   Dixon California [95620]
3  Tel:   (707) 678-2452
   upstanding.person@gmail.com
4

5  Plaintiff

**FILED**

JUN 2 7 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
              DEPUTY CLERK

6

7

8                    **District Court of the United States**
9                       **Eastern District of California**
10                           **Sacramento Division**

11                                      Case No. 2 24-CV-1813 DJC CSK (PS)

12

13  **Michael C. Warnken Plaintiff**

14        v.                                 **A Complaint for Damages**
                                             **& Declarative as well**
15  **County of Solano and Supervisor John**  **as Injunctive Relief**
    **Vasquez & Does 1 to 100 Defendants**
16                                           **Jury Trial Demanded**

17

18

19

20

21

22

23  Comes Now the undersigned plaintiff who hereby complains as follows:

24                           **Nature of the Case**

25  1.   On or about June 28, 2022 the Solano County Board of Supervisors had a meeting in the County

26       Chambers in Fairfield California. At about 11 am plaintiff placed a slip of paper informing the

27       Board that he wanted to speak before the Board. He was soon after called on by the Chair.

28       Plaintiff then began to explain how a man who lived both in Solano County and specifically in

Page 1 of 8

1    John Vasquez's district had his disabilities taken advantage of by the local courts in a divorce

2    case. Specifically he could not hear what was going on in the hearings and the lawyers and the

3    Judge took advantage of him and his disabilities and left him with almost nothing. It appeared

4    to Plaintiff and others that Mr. Serris was ripped off.

5    2.   The Chairman of the Board at the Time, John Vasquez yelled at Plaintiff, told the Clerk to shut

6    his microphone off and ordered the Police Officer in the forum to stop Plaintiff from speaking

7    on what had happened. Plaintiff did not get his full time to speak.

8    3.   Plaintiff brings this case for violations of the United States Constitution as it relates to the First

9    Amendment and pendent California State Constitutional rights as well as California Civil Rights

10   codes that are relevant to this matter.

11                                  **Jurisdiction & Venue**

12   4.   This action arises under Title 42 U.S.C. § 1983. Jurisdiction is conferred upon this Court by Title

13   28 U.S.C. §§ 1331 (a1-a4) and 1343.  The unlawful acts and practices alleged occurred in the

14   Solano County, State of California, which is within this Judicial District.

15   5.   Supplemental jurisdiction also exists pursuant to 28 U.S.C. §1367(a).

16   6.   Venue is proper under 28 U.S.C. § 1391(b) as the underlying acts and injuries which the present

17   action is based upon occurred within the Eastern District of California boundaries.

18                                  **Parties to the Action**

19   **A. Plaintiff**

20   7.   Plaintiff is a man residing within the State of California. He appears to fall under several classes

21   and categories of relevance including a natural person and appears effectively to be a seaman

22   under 28 U.S.C. §1916. Plaintiff seeks to be naturalized and to be a Free Inhabitant under Article

23   4 of the Articles of Confederation.

24   **B. Defendants**

25   8.   **County of Solano** - A Municipal Corporation and subdivision of California. The municipal

26   corporation facilitated the wrongful acts detailed herein.

27   9.   **John Vasquez** was and appears still to be an elected Supervisor for the County of Solano. At the

28   time of this incident, he was the Chairman of the Board. Boards of Supervisors and as such, he

Page 2 of  8

1    was responsible for running their meetings. Mr. Vasquez as an elected official has the duty to take

2    an oath to defend the Constitution of the United States and the State of California.

3  10.   A Great number of other people were at this meeting including the other four supervisors, a board

4        clerk, community members who had business before the board, a city of vacaville police officer

5        acting as the bailiff for the board and many others both private citizens and persons employed by

6        the County itself with business before the board or there just to watch the proceedings. There

7        were likely forty or so people in the forum and perhaps more.

8  11.   Plaintiff sues Mr. John Vasquez in his individual and official capacities.

9  12.   Unknown DOES who may have been part of this process and Plaintiff is not aware of their part

10      in this incident. Plaintiff will amend this complaint when such is known.

11                        **General Facts & Allegations**

12  13.   Plaintiff works in part as a person who assists persons with disabilities get and use

13      accommodations in court cases. For some time at that time, Plaintiff was hired by Mr. Bill Serris

14      a senior citizen who lived in Solano County and was involved in divorce case.

15  14.   Mr. Serris had several disabilities one of the main ones being poor hearing as well as a back that

16      fused from working in demolition, a knee that was replaced and a shoulder that did not sit in its

17      socket properly. The latter was damaged to a greater extent when the Court had ordered Mr.

18      Serris to do forced labor and fix up the house against the orders of his doctor.

19  15.   Mr. Serris was going through a horrid divorce case that had been on for several years. Plaintiff

20      believed that many persons party to the divorce were taking advantage of him and effectively

21      stealing his proper share of the community assets. Many of his assets were distributed in hearings

22      where he could not hear what was being done to make an intelligent and knowing decision. It

23      appears his attorney, opposing counsel, and Judge Chastain who had presided on his case as well

24      as others were working in concert to take advantage of Mr. Serris and leave him with nothing.

25  16.   Mr. Warnken had the duty to not only keep Mr. Serris informed of what was going on in the case,

26      but help him read and hear. Plaintiff also had to type for Mr. Serris as he has arthritis in his hands

27      and poor eyesight.

28  17.   Mr. Warnken had learned that Judge Chastain had ordered him to do work on the property to get

1    it ready to sell rather than have an equity line of credit drawn from their home to pay able bodied

2    people to fix the place up. In fact, it appears the house could have been sold as is in that market.

3    The solution of making a man in his late 70's with numerous debilitating ailments do hard manual

4    labor seems gross in the extreme. He apparently passed out at one point and broke his shoulder.

5    He woke up in the hospital and was in great pain as it appears he broke his shoulder. His Doctor

6    told him he could not continue to work. His attorney told him the judge said he had to keep going.

7    18.  This was perverse in the extreme. Plaintiff has seen many horrid and troubling matters many of

8    which would shock people if they knew it was going on.

9    19.  Plaintiff also was concerned with retaliation by Judge Chastain and other Judges. It appears that

10    the Presiding Judge Wendy Getty did retaliate on Plaintiff.

11   20.  One of the main ways to deal with corruption of this nature is to bring it out into the open and

12    publicize it. The Board of Supervisors meets most tuesdays and the forum is public and video

13    taped. Anything spoken there would get a large amount of attention and serve to cause persons

14    and public officials engaged in corruption through their offices to stop.

15   21.  Mr. Vasquez When called to present, plaintiff walked up to the board. Most people speaking get

16    two minutes to speak.

17   22.  Plaintiff reached the speakers lectern with the microphone and began to speak into it. He stated

18    that he hasn't spoken before the board for some time noted that he generally doesn't have

19    anything they'd wish to hear anyway (or words to that effect). The board members laughed at this

20    statement. Plaintiff had done this to prepare to go into the meat of the topic. He then noted that

21    an Elderly man in the audience, Mr. Bill Serris who could not hear well had been taken advantage

22    of by Judge Chastain and other people and that they had stolen his assets.

23   23.  To this point, Plaintiff had likely spoke less than a minute and more likely thirty seconds of the

24    two minutes he would have been allotted.

25   24.  At this point Mr. Vasquez became angry and shouted to have the microphone shut off.

26   25.  Plaintiff then noted that he could speak as loud as the microphone magnified his voice and kept

27    talking as it related to how Mr. Serris had been taken advantage of.

28   26.  Mr. Vasquez remarked to the effect that it was not proper to bring that topic and he would not

1     allow it. Plaintiff objected and kept speaking as he noted he had a right to speak for two minutes.

2   27.   Mr. Vasquez then stated cutting off Plaintiff's speaking noting that there was no law that held that

3     they had a duty to act or be responsible for the topic plaintiff had raised.

4   28.   Plaintiff retorted "John, no one would accuse you of knowing the law!"

5   29.   Mr. Vasquez reiterated he would not allow plaintiff to continue speaking.

6   30.   Mr. Vasquez then directed the bailiff to go to Plaintiff.

7   31.   Plaintiff stopped talking.

8   32.   He then filed a copy of a document alerting the Board of what was going on.

9   33.   It appears that Judge Chastain recused herself that day and it appears she tried to make it look like

10     she had recused herself days before. It appears that Judge Getty, who was the presiding judge at

11     the time was part of this ruse as was Judge Donovan.

12                           **Causes of Action**

13                           **First Cause of Action**

14   **42 USC §1983(a); Violation of the First Amendment of the United States Constitution (Article**

15     **3 of the Bill of Rights) in the Right to Speech and Petition**

16                     **Against Solano County & John Vasquez**

17   34.   Plaintiff incorporates the preceding allegations and further alleges:

18   35.   Mr. Vasquez and the Municipal Corporation of Solano County and its shareholders, employees,

19     stakeholders and elected officials thereof and therein have a duty to observe and follow the

20     Constitutions of California and the United States and all of its holdings.

21   36.   One of the key and most cherished rights is the right to free speech and to speak and inform

22     government of transgressions by its own officers and officials. It is also the duty for governing

23     officials to facilitate the ability to petition for redress of grievances.

24   37.   Petitioner attempted to do this.

25   38.   Defendants County and Supervisor Vasquez and other officers had the duty to protect Plaintiff

26     in his right to inform them and the rest of the county via microphone and video feed once Plaintiff

27     was called on to speak.

28   39.   Defendant Vasquez not only breached that right by cutting him off and telling the clerk to turn

1    off his microphone, but then threatened Plaintiff by signaling the bailing to go to Plaintiff.

2  40.  Plaintiff was not allowed to have his full two minutes to speak and had his ability to present these

3    dangerous facts that plaintiff was alerting the public to.

4  41.  The actions of Defendant Vasquez effectively amount to a chilling effect as Plaintiff did not feel

5    comfortable going back there after this incident. He should have been able to go back and report

6    more on what had gone on with the judges and how Mr. Serris was further harmed.

7  42.  Plaintiff was damaged based upon this breach of Mr. Vaquez's duties and the actions and

8    inactions of Mr. Vasquez were a proximate cause to that harm.

9  **Second Cause of Action**

10  **42 USC §1983(a); Violation of the Right of Due Process of the United States Constitution**

11  **Against Solano County & John Vasquez**

12  43.  Plaintiff incorporates the preceding allegations and further alleges:

13  44.  Supervisor Vasquez had a duty to afford plaintiff the right to due process.

14  45.  Supervisors Vasquez action in preventing Plaintiff from speaking for his full two minutes also

15    breached his constitution duty to afford plaintiff due process.

16  46.  Plaintiff was harmed due to this breach by defendant Vasquez.

17  47.  Plaintiffs harm was proximately due to the actions of Defendant Vasquez.

18  **Third Cause of Action**

19  **28 USC 1367(a) California Civil Code 52.1 The Bane Act**

20  **Against Solano County, John Vasquez, and Does**

21  48.  Plaintiff incorporates the preceding allegations and further alleges:

22  49.  Plaintiff was called to speak before the board of supervisors. He spoke on how a member of

23    the community was being harmed by Government officials.

24  50.  Plaintiff had an equitable right to speak as he did and had the right to finish his two minutes

25    as is generally allotted. He did not swear or use profanity, he simply relayed what he saw and

26    knew about as it affected some one else.

27  51.  Defendant Vasquez attempted to prevent plaintiff from speaking, yelled and told him he could

28    not speak. Then told the clerk to turn off his microphone and then continued to tell plaintiff he

Page 6 of  8

1   could not speak then gestured to the officer attending to the Board to remove plaintiff and

2   plaintiff then stopped speaking before his two minutes were up and walked away.

3   52.   The action of Defendant Vasquez directly harmed plaintiffs right to speak and was an attempt

4   to intimidate him and to coerce him into giving up his right to speak about violence being

5   committed by other members of the government against citizens.

6   53.   Defendant Vasquez as the chair had the ability to follow through with his threat through the

7   use of the power of his position.

8   54.   The statements by Defendant Vasquez were directly against plaintiffs right to speak and

9   petition before the board as he had.

10  55.   Plaintiff was harmed due to the actions of defendant Vasquez.

11  56.   Many others were there and they did not prevent

12  57.   Plaintiffs harm was proximately due to the actions of Defendant Vasquez.

13  **Fourth Cause of Action**

14  **28 USC 1367(a) California Civil Code 51.7 The Ralph Act**

15  **Against Solano County, John Vasquez, and Does**

16  58.   Plaintiff incorporates the preceding allegations and further alleges:

17  59.   Defendant Vasquez violated Plaintiffs right to speak and petition the government by ordering the

18  microphone be shut off and directing the bailiff to stop plaintiff.

19  60.   The substantial motivating factor appears to be that Defendant Vasquez was in league with the

20  judges and others who were harming Mr. Serris and he did not want plaintiff to alert the

21  community of their actions. Thus defendant Vasquez attacked plaintiff due to plaintiffs political

22  affiliation with a person who was harmed by other elected officials. His actions violated plaintiffs

23  constitutional rights to speach and petition of these actions and in turn plaintiffs right to alerting

24  the community and potential political confederates to the mal actions and others who might have

25  their rights harmed by the actors plaintiff  was alerting the community about.

26  61.   The harm was against other political persons who also might have their property and rights taken

27  in a similar manner. was an attack on plaintiffs

28  62.   Plaintiff was harmed due to the action by defendant Vasquez.

63.   Plaintiff was further harmed by the many other persons such as the clerk and the other members of the board of supervisors who also had the duty to follow the constitutions of California and the United States and allow the right to Speech and Petition.

64.   Plaintiffs harm was proximate to the actions of Defendant Vasquez and the inaction of others.

### Prayer

Wherefore plaintiff prays as follows:

The Court take jurisdiction and grant the following relief:

1. Declarative and Injunctive relief for violating the Constitutional Rights of Plaintiff.

2. Costs and attorneys fees in bringing this suit.

3. Damages of $4,000+ and above for violating plaintiffs civil rights and concurrently Mr. Serris's rights. It appears that the number of people who were involved in this matter either by preventing plaintiff from exercising his right or not preventing Defendant Vasquez from preventing the right of free exercise of speaking, redress, and due process might affect the size of this award.

4. Punitive Damages under the Ralph Act as well.

5. Such other relief that is necessary, proper, and consistent with the facts herein plead.


Respectfully Submitted,

_____          6/27/2024

Michael C. Warnken                                      Date

Page 8 of  8

1    63.    Plaintiff was further harmed by the many other persons such as the clerk and the other members

2          of the board of supervisors who also had the duty to follow the constitutions of California and

3          the United States and allow the right to Speech and Petition.

4    64.    Plaintiffs harm was proximate to the actions of Defendant Vasquez and the inaction of others.

5                                                **Prayer**

6    Wherefore plaintiff prays as follows:

7          The Court take jurisdiction and grant the following relief:

8    1. Declarative and Injunctive relief for violating the Constitutional Rights of Plaintiff.

9    2. Costs and attorneys fees in bringing this suit.

10   3. Damages of $4,000+ and above for violating plaintiffs civil rights and concurrently Mr. Serris's

11   rights. It appears that the number of people who were involved in this matter either by preventing

12   plaintiff from exercising his right or not preventing Defendant Vasquez from preventing the right of

13   free exercise of speaking, redress, and due process might affect the size of this award.

14   4. Punitive Damages under the Ralph Act as well.

15   5. Such other relief that is necessary, proper, and consistent with the facts herein plead.

16

17                                    Respectfully Submitted,

18

19                                                            1/27/2024

20          Michael C. Warnken                                Date

21

22                        SEE ATTACHED

23

24

25

26

27

28

Page 8 of 8

# JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Solano_

Subscribed and sworn to (or affirmed) before me on this _27th_ day of _June_,

20 _24_ by _Michael C Warnken_,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_C. Moore_

Signature _____  (Seal)

> COREY MOORE
> COMM. # 2433655
> NOTARY PUBLIC - CALIFORNIA
> SOLANO COUNTY
> COMM. EXPIRES JAN. 9, 2027

---

## OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

_____
Additional information

## INSTRUCTIONS

The wording of all Jurats completed in California after January 1, 2015 must be in the form as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not follow this form, the notary must correct the verbiage by using a jurat stamp containing the correct wording or attaching a separate jurat form such as this one with does contain the proper wording. In addition, the notary must require an oath or affirmation from the document signer regarding the truthfulness of the contents of the document. The document must be signed AFTER the oath or affirmation. If the document was previously signed, it must be re-signed in front of the notary public during the jurat process.

- State and county information must be the state and county where the document signer(s) personally appeared before the notary public.
- Date of notarization must be the date the signer(s) personally appeared which must also be the same date the jurat process is completed.
- Print the name(s) of the document signer(s) who personally appear at the time of notarization.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different jurat form.
  - ❖ Additional information is not required but could help to ensure this jurat is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
- Securely attach this document to the signed document with a staple.