1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL C. WARNKEN,                         Case No. 2:24-cv-01813-DJC-CSK (PS)

12                     Plaintiff,

13           v.                                    ORDER

14    COUNTY OF SOLANO, et al.,                    (ECF Nos. 4, 5)

15                     Defendants.

16

17

18           Plaintiff Michael C. Warnken proceeds in this action without counsel.[1] (ECF

19    No. 4.) On October 16, 2024, Defendants County of Solano and John Vasquez filed a

20    motion to dismiss Plaintiff Michael C. Warnken's complaint and motion to strike portions

21    of Plaintiff's complaint. Defendants noticed their motion for a hearing to take place on

22    December 10, 2024, at 10:00 a.m. before the undersigned. (*Id.*) On November 6, 2024,

23    Defendants filed a reply, which stated Plaintiff's non-opposition to the motion. (ECF No.

24    5.) Pursuant to this Court's Local Rules, any opposition to the motion was to be filed and

25    served no later than fourteen (14) days after the date the motion was filed. Local Rule

26    230(c). Further, a responding party who has no opposition to the granting of the motion

27    _____

28    [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
      Civ. P. 72, and Local Rule 302(c)(21).

                                                  1

is required to serve and file a statement of non-opposition. *Id.* That deadline has now passed, and Plaintiff has not filed either a statement of opposition or a statement of non-opposition to Defendants' motion.

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case under Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[2] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); *Thompson v. Housing Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissing the action for failure to comply with a court order). This Court's Local Rules are in accord. *See* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Local Rule 183(a) (providing that a pro se party is bound by the Federal Rules of Civil Procedure,

---

[2] The Ninth Circuit Court of Appeals has held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. *See, e.g., Trice v. Clark County Sch. Dist.*, 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

the Local Rules, and all other applicable law, and a pro se party's failure to comply with these rules and laws may support, among other things, dismissal of that party's action).

Here, Plaintiff, who proceeds without counsel, failed to file a written opposition or statement of non-opposition by the required deadlines, and therefore has not complied with Local Rule 230(c). Further, Plaintiff's failure to file any opposition indicates to the Court that Plaintiff may be consenting to the dismissal of this action. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). Thus, Plaintiff's claims are subject to dismissal.

Given Plaintiff's pro se status, the Court will not recommend dismissal at this time. Instead, the Court will vacate the December 10, 2024 hearing and provide Plaintiff one final opportunity to either respond to Defendants' motion to dismiss and motion to strike, or to file a statement of non-opposition. *See* Local Rule 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."). After the expiration of the deadlines below, the Court will decide the matter on the record and written briefing only. Plaintiff is cautioned that any further failure to comply with the Court's Local Rules and this order by failing to file either an opposition or statement of non-opposition will be construed as non-opposition to the motion and will constitute additional grounds for dismissal under Rule 41(b).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.  The December 10, 2024, hearing on Defendants County of Solano and John Vasquez's motion to dismiss and motion to strike (ECF No. 4) is VACATED;

2.  Within fourteen (14) days of this order, Plaintiff Michael C. Warnken shall file a written opposition or a statement of non-opposition to Defendants' motion to dismiss and motion to strike;

    a.  Plaintiff's failure to file written oppositions will be deemed a statement of non-opposition to the pending motions and consent to the granting of

1   the motions, and shall constitute an additional ground for a

2   recommendation that Plaintiff's entire case be involuntarily dismissed

3   with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

4   3.  Within fourteen (14) days of any opposition, Defendant may file a written reply.

5

6   Dated:  November 12, 2024

7   _____
    CHI SOO KIM

8   UNITED STATES MAGISTRATE JUDGE

9

10

11   5, warn.1813.24

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28