1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL C. WARNKEN,                     Case No. 2:24-cv-01813-DJC-CSK PS

12                    Plaintiff,

13         v.                                 FINDINGS AND RECOMMENDATIONS
                                              GRANTING DEFENDANTS' MOTION TO
14    COUNTY OF SOLANO, et al.,                DISMISS

15                    Defendants.             (ECF No. 4)

16

17         Pending before the Court is a motion to dismiss all claims and a motion to strike

18    portions of Plaintiff Michael Warnken's Complaint by Defendant County of Solano and

19    Defendant John Vasquez, in his individual capacity and official capacity as Chairman of

20    the Board of Supervisors for the County of Solano.[1] (ECF No. 4.) Plaintiff, who is

21    proceeding without counsel, brings claims for an alleged violation of the First

22    Amendment, due process, the Bane Act, and the Ralph Act. Compl. (ECF No. 1). The

23    motion to dismiss is fully briefed. (ECF Nos. 4, 7, 10.)

24         For the reasons that follow, the Court RECOMMENDS GRANTING Defendants'

25    motion to dismiss.

26    / / /

27    _____

28    [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
      Civ. P. 72, and Local Rule 302(c).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**I.      BACKGROUND**

**A.      Factual Background[2]**

Plaintiff states that he works as a person who assists people with disabilities and helps them receive accommodations in court cases. Compl. at ¶ 13. Plaintiff worked for a man named Bill Serris, who had "several disabilities." *Id.* at ¶ 14. Mr. Serris was going through a divorce and Plaintiff alleges that he helped keep Mr. Serris informed of what was happening in the case and helped him read and hear. *Id.* at ¶ 16. Plaintiff believed that individuals involved in the divorce case were taking advantage of Mr. Serris and stealing his share of the community assets. *Id.* at ¶ 15. Plaintiff alleges that Mr. Serris's attorney, opposing counsel, Judge Chastain who presided over the case, and Judge Wendy Getty took advantage of Mr. Serris. *Id.* at ¶¶ 15, 19.

On June 28, 2022, Plaintiff attended a Solano County Board of Supervisors meeting in Fairfield, California. *Id.* at ¶ 1. Plaintiff indicated he wanted to speak at the meeting and was called on by the Chairman, Defendant Vasquez. *Id.* Plaintiff began speaking about Mr. Serris and explained that he lived in Solano County and Defendant Vasquez's district. *Id.* Plaintiff stated that Mr. Serris was disabled and was taken advantage of by the lawyers and judge in a divorce case. *Id.* Plaintiff had been speaking for about 30 seconds of the 2 minutes he was allotted when Defendant Vasquez "became angry and shouted to have the microphone shut off." *Id.*at ¶¶ 23-24. Plaintiff kept speaking and noted that "he could speak as loud as the microphone magnified his voice." *Id.* at ¶ 25. Defendant Vasquez stated that the topic was not proper and that he would not allow it. *Id.* at ¶ 26. Plaintiff objected and kept speaking because he had a right to speak for 2 minutes. *Id.* Defendant Vasquez cut Plaintiff off and said he would not allow Plaintiff to continue speaking. *Id.* at ¶¶ 27-29. Defendant Vasquez directed the

---

[2]   These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

1  bailiff to go to Plaintiff, and Plaintiff stopped talking. *Id.* at ¶¶ 30-31. Plaintiff was not

2  allowed to speak for the full 2 minutes. *Id.* at ¶ 2

3      **B.    Procedural Background**

4      Plaintiff filed his Compliant on June 27, 2024, and paid the filing fee. *See* Compl.

5  On October 16, 2024, Defendants filed their motion to dismiss and motion to strike

6  portions of Plaintiff's Complaint. Defs. MTD (ECF No. 4). On November 6, 2024,

7  Defendants filed a notice indicating that Plaintiff did not file a timely opposition. (ECF

8  No. 5.) On November 12, 2024, the Court vacated the hearing set for December 10,

9  2024 on the motion to dismiss, and ordered Plaintiff to file an opposition or statement of

10  non-opposition within 14 days. (ECF No. 6.) Plaintiff filed an opposition on November 26,

11  2024. (ECF No. 7.) Defendants filed a reply. (ECF No. 10.) On May 5, 2025, the Court

12  issued an order notifying the parties that Defendants' motion to dismiss did not

13  specifically address Plaintiff's Ralph Act claim, and that the Court planned to examine

14  the Ralph Act claim to determine whether it was subject to dismissal under Federal Rule

15  of Civil Procedure 12(b)(6). (ECF No. 11.) The Court provided Plaintiff with twenty-one

16  (21) days to respond as to whether his Ralph Act claim should be dismissed. (*Id.*) If

17  Plaintiff responded, Defendants were also given an opportunity to respond. More than

18  twenty-one (21) days have passed since the May 5, 2025 order and Plaintiff did not file a

19  response. Accordingly, the Court addresses Plaintiff's Ralph Act claim below.

20  **II.    LEGAL STANDARDS**

21      **A.    Pro Se Pleadings, Construction and Amendment**

22      Pro se pleadings are to be liberally construed and afforded the benefit of any

23  doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any

24  claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an

25  opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th

26  Cir. 2016). However, if amendment would be futile, no leave to amend need be given.

27  *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

28      To determine the propriety of a dismissal motion, the court may not consider facts

3

1  raised outside the complaint (such as in an opposition brief), but it may consider such

2  facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023,

3  1026 n.2 (9th Cir. 2003).

4        **B.**    **Failure to State a Claim under Rule 12(b)(6)**

5        A claim may be dismissed because of the plaintiff's "failure to state a claim upon

6  which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if

7  it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal

8  theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering

9  whether a claim has been stated, the court must accept the well-pleaded factual

10  allegations as true and construe the complaint in the light most favorable to the non-

11  moving party. *Id.* However, the court is not required to accept as true conclusory factual

12  allegations contradicted by documents referenced in the complaint, or legal conclusions

13  merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559

14  F.3d 1061, 1071 (9th Cir. 2009).

15        **C.**    **Motion to Strike under Rule 12(f)**

16        Rule 12(f) grants the district court with authority to "strike from a pleading an

17  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

18  Fed. R. Civ. Proc. 12(f). The purpose of a Rule 12(f) motion "is to avoid the expenditure

19  of time and money that must arise from litigating spurious issues by dispensing with

20  those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th

21  Cir. 1983).

22  **III.**    **DISCUSSION**

23        Defendants County of Solano and Vasquez move to dismiss the Complaint in its

24  entirety for failure to state a claim. *See* Defs. MTD. Defendants also move to strike

25  portions of Plaintiff's Complaint. *Id.* While Defendants move to dismiss Plaintiff's entire

26  Complaint, it does not appear that Defendants addressed Plaintiff's claim under the

27  Ralph Act, California Civil Code § 51.7. *See* Compl. at ¶¶ 58-64. As described above,

28  the Court provided notice to the parties and an opportunity to respond as to whether the

4

1    Ralph Act claim should be dismissed.

2    Plaintiff brings four claims against Defendants County of Solano, and Vasquez in

3    his individual and official capacities. Plaintiff's first claim is a First Amendment claim

4    under 42 U.S.C. § 1983 for violating his right to free speech by preventing Plaintiff from

5    speaking about how Mr. Serris was mistreated and by not allowing Plaintiff to speak for

6    the full 2 minutes at the Board of Supervisors meeting. Plaintiff's second claim is a due

7    process claim under 42 U.S.C. § 1983 for preventing Plaintiff for speaking for the full 2

8    minutes. Plaintiff's third claim is a Bane Act claim for attempting to intimidate and coerce

9    Plaintiff into giving up his right to speak by yelling at Plaintiff, gesturing to an officer to

10   have Plaintiff removed, and telling the clerk to turn his microphone off. Plaintiff's fourth

11   claim is a Ralph Act claim for preventing Plaintiff from speaking for his full 2 minutes at

12   the meeting due to "plaintiff's political affiliation with a person who was harmed by other

13   elected officials." Compl. at ¶ 60.

14   **A.    42 U.S.C. § 1983 Standards**

15   42 U.S.C. § 1983 provides a cause of action for the deprivation of rights,

16   privileges, or immunities secured by the Constitution or laws of the United States by a

17   person acting "under color of any statute . . . ." *Gomez v. Toledo*, 446 U.S. 635, 638

18   (1980). Section 1983 claims must demonstrate the defendant (1) acted under color of

19   state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution

20   or laws of the United States. *See Lindke v. Freed*, 601 U.S. 187, 194 (2024). A

21   supervisor may not be held individually liable under § 1983 unless he is personally

22   involved in a constitutional deprivation or there exists a "sufficient causal connection"

23   between the supervisor's wrongful conduct and the constitutional deprivation. *Keates v.*

24   *Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018).

25   **B.    Official Capacity Claims Against Defendant John Vasquez**

26   Defendants argue that Plaintiff's claims against Defendant Vasquez in his official

27   capacity should be dismissed because a suit against an officer in their official capacity is

28   effectively a suit against the entity of which they are an agent. Defs. MTD at 6. Official-

1   capacity suits generally represent another way of pleading an action against an entity of

2   which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Claims

3   against government officials in their official capacities under § 1983 are suits against the

4   governmental employer because the employer must pay any damages that are awarded.

5   *Butler v. Elle*, 281 F.3d 1014, 1023 n.8 (9th Cir. 2002). When an officer named in the

6   official capacity only and the local government entity are named in a lawsuit, the officer is

7   a redundant defendant and may be dismissed. *Luke v. Abbott*, 954 F. Supp. 202, 203

8   (C.D. Cal.1997).

9       Here, because the County of Solano is a defendant in this action, it would be

10  redundant to maintain suit against both the County and against Defendant Vasquez in

11  his official capacity. *See Fontana v. Alpine Cnty.*, 750 F. Supp. 2d 1148, 1153-54 (E.D.

12  Cal. 2010); *Mancilla v. Cnty. of Kern*, 2019 WL 5422954, at *2 (E.D. Cal. Oct. 23, 2019).

13  Therefore, the claims against Defendant Vasquez in his official capacity should be

14  dismissed without leave to amend.

15      **C.    First Amendment Claim**

16          1.    Defendant County of Solano

17      Plaintiff brings a First Amendment claim against the County of Solano. Under

18  *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), a

19  government entity may not be held liable under 42 U.S.C. § 1983, "unless a policy,

20  practice, or custom of the entity can be shown to be a moving force behind a violation of

21  constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)

22  (citing *Monell*, 436 U.S. at 694). There is no respondeat superior liability under § 1983.

23  *Monell*, 436 U.S. at 691-94. A policy is a deliberate choice to follow a course of action

24  made by officials responsible for establishing final policy. *Oviatt By and Through Waugh*

25  *v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992). A custom is a widespread practice that

26  is "so permanent and well-settled as to constitute a custom or usage with the force of

27  law." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1147 (E.D. Cal. 2009) (quoting *City*

28  *of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). Liability for an improper custom

1    may not be premised on isolated or sporadic incidents, but rather it must be founded on

2    practices of "sufficient duration, frequency and consistency that the conduct has become

3    a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.

4    1996). After establishing one of the methods of liability, a plaintiff must also show that

5    the circumstance was "(1) the cause in fact and (2) the proximate cause of the

6    constitutional deprivation." *Id.*

7         Defendants argue that Plaintiff has failed to show that his First Amendment rights

8    were violated, therefore his claim against the County of Solano fails. Defs. MTD at 8.

9    Here, Plaintiff has alleged no facts showing that the County engaged in a pattern,

10   custom, or practice that deprived him of any rights. While Plaintiff states he is bringing

11   his First Amendment claim against both the County of Solano and Defendant Vasquez,

12   the specific allegations are against Vasquez only. *See* Compl. at ¶¶ 34-47. Therefore,

13   the First Amendment claim against the County of Solano should be dismissed.

14              2.    Defendant Vasquez

15        Plaintiff also brings a First Amendment claim against Defendant Vasquez in his

16   individual capacity. Plaintiff alleges that Defendant violated his "right to speech and

17   petition." Compl. at 5. Plaintiff states that he was prevented from speaking for the allotted

18   2 minutes at a Board of Supervisors meeting and that he was not allowed to present

19   "dangerous facts" to the public. *Id.* at ¶¶ 23, 26, 40. Based on the nature of Plaintiff's

20   allegations and construing the Complaint liberally, the Court interprets Plaintiff's

21   Complaint as alleging claims under the First Amendment for violation of his right to free

22   speech and for impeding his right to petition for a redress of grievances.

23              a.    *Legal Standards*

24        The First Amendment prohibits the government from abridging the freedom of

25   speech and the right "to petition the Government for a redress of grievances." Lawful

26   government action may become unlawful if it is motivated by retaliation for engaging in

27   an activity protected under the First Amendment. *O'Brien v.* Welty, 818 F.3d 920, 932

28   (9th Cir. 2016). To state a claim under the First Amendment, a plaintiff must show that

1   (1) he was engaged in a constitutionally protected activity; (2) the defendant's actions

2   would chill a person of ordinary firmness from continuing to engage in the protected

3   activity; and (3) the protected activity was a substantial or motivating factor in the

4   defendant's conduct. *Id.* (citing *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755 (9th Cir.

5   2006)). Once a plaintiff has made the required showing, the burden shifts to the

6   defendant to show that it would have taken the same action in the absence of the

7   protected conduct. *Id.*

8        Under the First Amendment, city council and board meetings are considered

9   "limited public forums." *Norse v. City of Santa Cruz*, 629 F.3d 966, 976 (9th Cir. 2010)

10  (citing *City of Norwalk*, 900 F.2d 1421, 1425 (9th Cir. 1990)); *see Kindt v. Santa Monica

11  Rent Control Bd.*, 67 F.3d 266, 270-71 (9th Cir. 1995). A council can regulate the time,

12  place, manner, and content of speech in a limited public forum, as long as the content

13  regulations are reasonable and viewpoint neutral. *Norse*, 629 F.3d at 976; *Kindt*, 67 F.3d

14  at 270-71. Content discrimination occurs when the government chooses the subjects

15  that may be discussed, and viewpoint discrimination occurs when the government

16  prohibits speech by particular speakers, which suppresses a particular view about a

17  subject. *Giebel v. Sylvester*, 244 F.3d 1182, 1188 (9th Cir. 2001).

18       Citizens have an interest in directing speech about public issues to those who

19  govern their city or county. *White*, 900 F.2d at 1425. However, a council or board

20  meeting is a "governmental process with a governmental purpose," and the council or

21  board does not violate the First Amendment when it restricts public speakers to

22  particular agenda items. *Id.* A moderator may not stop a speaker from speaking because

23  he or she disagrees with the speaker's viewpoint, but the moderator may stop the

24  speaker if the speech becomes irrelevant or repetitious. *Id.*

25                              *b.      Analysis*

26       Plaintiff has failed to state a claim under the First Amendment against Defendant

27  Vasquez in his individual capacity. Plaintiff alleges that he was speaking at a County

28  Board of Supervisors meeting, which is a limited public forum. *See Norse*, 629 F.3d at

976. Accordingly, the Board may regulate speech in the forum if the regulations are
reasonable and viewpoint neutral. *See Kindt*, 67 F.3d at 270-71. Plaintiff alleges that he
started speaking at the County Board Meeting about how judges and other individuals
mistreated a disabled individual during a divorce proceeding, and was stopped after 30
seconds when he was supposed to be allowed 2 minutes to speak. Compl. at ¶¶ 1-2, 23-
31. Plaintiff also alleges that Vasquez yelled at Plaintiff, told the clerk to turn off his
microphone, and directed the bailiff to "go to Plaintiff." *Id.* at ¶¶ 2, 30, 39. Plaintiff states
that Vasquez's actions had a "chilling effect" on him as he did not feel comfortable going
back to the board meeting after the incident. *Id.* at ¶ 41. In his opposition, Plaintiff states
that he "sought to alert the community about a pattern of conduct where an elderly,
disabled resident was effectively denied meaningful participation in court proceedings
due to his disabilities." Pl. Opp. at 2 (ECF No. 7). Defendants argue that Plaintiff was
prevented from continuing his complaints because his speech was irrelevant to County
business and therefore disruptive, not because Vasquez opposed his view. Defs. MTD at
8.

Here, Plaintiff has alleged that he was prevented from speaking at a County
Board of Supervisors meeting, but he has not demonstrated that the restriction on his
speech was unreasonable or based on his viewpoint. Plaintiff alleged in his Complaint
that Defendant Vasquez remarked that "it was not proper to bring that topic," and that
"there was no law that held that [the board] had a duty to act or be responsible for the
topic [P]laintiff had raised." Compl. at ¶¶ 26-27. Based on the allegations in the
Complaint, Plaintiff was prevented from speaking because the topic was not relevant to
the board meeting, not because of his viewpoint. *See White*, 900 F.2d at 1425. Further,
Plaintiff has not shown that the content of his speech was the motivating factor behind
his removal. From Plaintiff's own allegations, he was removed because his speech was
on a topic that was not proper for the board meeting. While Plaintiff's allegations that
Defendant Vasquez yelled at Plaintiff, asked the clerk to turn off his microphone, and
directed the bailiff to "go to Plaintiff" would "chill" a person of ordinary firmness, Plaintiff

1   has not satisfied the other two elements.

2           Plaintiff also alleges that it is "the duty for governing officials to facilitate the ability

3   to petition for redress of grievances." Compl. at ¶ 36. To the extent Plaintiff is bringing a

4   First Amendment claim for the right to petition for a redress of grievances, this claim also

5   fails. Plaintiff has alleged that Vasquez prevented him from presenting on a particular

6   topic, however, as stated above, Vasquez could properly prevent Plaintiff from speaking

7   if the topic was not relevant to the board meeting or on the agenda. *See White*, 900 F.2d

8   at 1425. Also, the government is not obligated to listen or respond to an individual. *See*

9   *Collins v. West*, 2021 WL 4241317, at *5 (W.D. Wash. Aug. 24, 2021).

10          Therefore, Plaintiff has failed to state a claim under the First Amendment, and his

11  claims against Defendant Vasquez should be dismissed.

12          **D.      Fourteenth Amendment Due Process Claim**

13          Defendants argue that Plaintiff fails to state a claim for violation of due process

14  because his claims are based on an alleged violation of his rights under the First

15  Amendment. Defs. MTD at 8-9.

16          The Court notes that Plaintiff has not responded to Defendants' arguments in their

17  motion to dismiss Plaintiff's due process claim. *See* Pl. Opp'n (ECF No. 7). Plaintiff's

18  non-opposition constitutes an abandonment of the claim. *See Moore v. Apple, Inc.*, 73 F.

19  Supp. 3d 1191, 1205 (N.D. Cal. 2014) (collecting cases); *El v. San Diego Unified Sch.*

20  *Dist.*, 2021 WL 3240298, at *2 (S.D. Cal. June 29, 2021). Therefore, Plaintiff's due

21  process claim should be dismissed with prejudice. *See Homsy v. Bank of Am., N.A.*,

22  2013 WL 2422781, at *5 (N.D. Cal. June 3, 2013). Even if Plaintiff did oppose this

23  portion of Defendants' motion to dismiss, Plaintiff's claims still fail on the merits as

24  discussed below.

25                  1.      Defendant County of Solano

26          Plaintiff brings a Fourteenth Amendment Due Process claim against Defendant

27  County of Solano. Compl. ¶¶ 43-47. For the same reasons discussed above, the due

28  process claim against the County of Solano should be dismissed. *See supra* Part III.C.1.

1  Here, Plaintiff has similarly alleged no facts showing that the County engaged in a

2  pattern, custom, or practice that deprived him of any rights. While Plaintiff states he is

3  bringing his due process claim against both the County of Solano and Defendant

4  Vasquez, the specific allegations are against Vasquez only. *See* Compl. at ¶¶ 34-47.

5  Accordingly, the due process claim against Defendant County of Solano should be

6  dismissed.

7            2.    Defendant Vasquez

8                  *1.    Legal Standards*

9            The Due Process Clause of the Fourteenth Amendment provides that no state

10  may "deprive any person of life, liberty, or property, without due process of law." U.S.

11  Const. Amend. XIV. To state any due process claim, plaintiff's allegations must

12  demonstrate that "a state actor deprived [him] of a constitutionally protected life, liberty,

13  or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). The

14  substantive due process doctrine forbids the government from depriving a person of life,

15  liberty, or property in a way that "shocks the conscience" or "interferes with rights implicit

16  in the concept of ordered liberty." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th

17  Cir. 1998). To state a claim for violation of procedural due process, Plaintiff must allege:

18  (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a

19  denial of adequate procedural protections. *See Kildare v. Saenz*, 325 F.3d 1078, 1085

20  (9th Cir. 2003). The protections that are constitutionally required depend on the nature of

21  the proceeding, but at a minimum include notice, an opportunity to be heard, and a

22  neutral decision-maker. *See Mathews v. Eldridge*, 424 U.S. 319, 333-35 (1976).

23                  *2.    Analysis*

24            As discussed above, Plaintiff has not shown that he was deprived of a

25  constitutionally protected liberty. Therefore, Plaintiff's due process claim against

26  Defendant Vasquez in his individual capacity should be dismissed.

27  **E.    Bane Act Claim**

28            Plaintiff brings a Bane Act claim against Defendants Vasquez and the County of

1   Solano. Compl. ¶¶ 48-57. However, all of the allegations are brought against Defendant

2   Vasquez. Plaintiff alleges that Defendant Vasquez attempted to prevent Plaintiff from

3   speaking by yelling at him, telling the clerk to turn off his microphone, and gesturing for

4   an officer to remove Plaintiff. Compl ¶ 51. Plaintiff alleges that Defendant Vasquez's

5   actions were an attempt to intimidate him and coerce him into giving up his right to

6   speak. Compl. ¶ 52. Defendants argue that the Bane Act claim should be dismissed

7   because Plaintiff has failed to comply with the California Government Claims Act and

8   because Plaintiff has alleged no facts showing any violence or threat of violence against

9   him. Defs. MTD at 9-11.

10       Similar to the due process claim, Plaintiff has not responded to Defendants'

11   arguments in their motion to dismiss Plaintiff's Bane Act claim. *See* Pl. Opp'n. Plaintiff's

12   non-opposition constitutes an abandonment of the claim. *See Moore*, 73 F. Supp. 3d at

13   1205; *El*, 2021 WL 3240298, at *2. Therefore, Plaintiff's Ban Act claim should be

14   dismissed with prejudice. *See Homsy*, 2013 WL 2422781, at *5. However, even if

15   Plaintiff did oppose this portion of Defendants' motion to dismiss, Plaintiff's claims still fail

16   as discussed below.

17           1.    Legal Standards

18       The Tom Bane Civil Rights Act, California Civil Code § 52.1, protects individuals

19   from conduct that interferes, or attempts to interfere, with rights secured by federal or

20   state law, where the interference is carried out "by threats, intimidation or coercion."

21   *Reese v. County of Sacramento*, 888 F.3d 1030, 1040-41 (9th Cir. 2018). To bring a

22   Bane Act claim, a plaintiff must show an underlying constitutional violation, and the

23   defendant's specific intention to violate plaintiff's rights. *Id.* at 1044. When a Bane Act

24   claim is based on an alleged federal constitutional violation, a plaintiff may rely on the

25   same allegations to prove that the defendant deprived them of a constitutional right and

26   threatened, intimidated or coerced them. *See id.* at 1043. To prove a claim under the

27   Bane Act requires a "specific intent" to violate protected rights. *Agro Dynamics, LLC v.*

28   *United States*, 692 F. Supp. 3d 1003, 1019 (S.D. Cal. 2023) (citing *Sandoval v. County*

1  *of Sonoma*, 912 F.3d 509, 519 (9th Cir. 2018)). This standard can be satisfied by

2  evidence that supports the defendant acted in reckless disregard of the right at issue.

3  *Cornell v. City & Cnty. of San Francisco*, 17 Cal. App. 5th 766, 804 (2017).

4  Under the California Government Claims Act, a claim brought against a local

5  public entity for money damages must be presented to the entity within six months or

6  one year, depending on the cause of action, after the cause of action accrues. Cal. Gov't

7  Code §§ 905, 911.2. A failure to allege compliance or an excuse for compliance can

8  result in the claim being dismissed for failure to state a claim. *Calvary Chapel San Jose*

9  *v. Cody*, 2022 WL 5264651, at *6 (N.D. Cal. Oct. 6, 2022) (citing *Karim-Panahi v. Los*

10  *Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988)).

11  2.   Analysis

12  Here, Plaintiff fails to state a Bane Act claim against Defendant Vasquez and the

13  County of Solano. Plaintiff has not alleged that he complied with the Government Claims

14  Act by presenting a claim to the County within six months or one year. Further, as

15  discussed above, Plaintiff has not stated a claim for a constitutional violation against

16  either defendant. *See Reese*, 888 F.3d at 1044. Therefore, Plaintiff has failed to state a

17  claim under the Bane Act against Defendant Vasquez or the County and his claim

18  should be dismissed.

19  **F.    Ralph Act Claim**

20  Plaintiff brings a claim against Defendants Vasquez and the County of Solano for

21  violation of the Ralph Act, California Civil Code § 51.7. Compl. ¶¶ 58-64. Defendants do

22  not address Plaintiff's Ralph Act claim in their motion to dismiss. *See* Defs. MTD. The

23  Court gave Plaintiff notice that it would be addressing the Ralph Act claim, and gave

24  Plaintiff an opportunity to respond as to whether his Ralph Act claim should be

25  dismissed. 5/5/2025 Order (ECF No. 11). Plaintiff did not respond.

26  1.   Legal Standards

27  The Ralph Act guarantees people in California "the right to be free from any

28  violence, or intimidation by threat of violence, committed against their persons or

1 property because of political affiliation, or on account of any [listed] characteristic." Cal.

2 Civ. Code § 51.7(a). To plead a Ralph Act claim for acts of violence, a plaintiff must

3 allege that (1) the defendant committed or threatened violent acts against the plaintiff;

4 (2) the defendant was motivated by his or her perception of the plaintiff's political

5 affiliation; (3) plaintiff was harmed; and (4) defendants' conduct was a substantial factor

6 in causing plaintiff's harm. *See Campbell v. Feld Ent., Inc.*, 75 F. Supp. 3d 1193, 1205

7 (N.D. Cal. 2014); *Rodriguez v. Orange Cnty.*, 2023 WL 6472000, at *6 (S.D. Cal. Oct. 4,

8 2023) (citing *Knapps v. City of Oakland,* 647 F. Supp. 2d 1129, 1167 (N.D. Cal. 2009)).

9         2.   <u>Analysis</u>

10         *a.*   *Defendant County of Solano*

11      Plaintiff has failed to state a claim under the Ralph Act against Defendant County

12 of Solano. All the allegations appear to be brought against Defendant Vasquez. Plaintiff

13 has not made any allegations regarding any political affiliation or how the County was

14 motivated by Plaintiff's political affiliation. Further, as discussed above, Plaintiff has not

15 sufficiently alleged that he was harmed. Therefore, Plaintiff has failed to state a claim

16 against the County of Solano for violation of the Ralph Act, and this claim should be

17 dismissed.

18         *b.*   *Defendant Vasquez*

19      Plaintiff has failed to state a claim under the Ralph Act against Defendant

20 Vasquez. Plaintiff alleges that Defendant Vasquez "attacked [P]laintiff due to [P]laintiff's

21 political affiliation with a person who was harmed by other elected officials." Compl. ¶ 60.

22 Plaintiff alleges that Defendant Vasquez violated Plaintiff's right to speak and petition the

23 government by ordering the microphone turned off and directing the bailiff to stop

24 Plaintiff. *Id.* ¶ 59. Plaintiff alleges that Defendant Vasquez "was in league with the judges

25 and others who were harming Mr. Serris" and Vasquez did not want Plaintiff to alert the

26 community. *Id.* ¶ 60. However, Plaintiff's Ralph Act claim fails because the Complaint

27 does not contain any allegations that Plaintiff had a particular political affiliation. In

28 addition, the conclusory allegations made do not sufficiently allege that Defendant

1    Vasquez was motivated by his perception of Plaintiff's political affiliation, or any other

2    category listed in California Civil Code § 51(b). *See Knapps*, 647 F. Supp. 2d at 1167.

3    As discussed above, Plaintiff also has not sufficiently alleged that he was harmed by

4    Defendants. Therefore, Plaintiff has not sufficiently pled the second or third elements,

5    and fails to state a Ralph Act claim. This claim against Defendant Vasquez should be

6    dismissed.

7         **G.    Doe Defendants**

8         In Plaintiff's Complaint, he appears to bring the Bane Act and Ralph Act claims

9    against "Doe[]" Defendants. Compl. at 6, 7. The inclusion of such "Doe" defendants is

10   generally disfavored in the Ninth Circuit. *Soo Park v. Thompson*, 851 F.3d 910, 928 n.21

11   (9th Cir. 2017) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Because

12   the Complaint is being dismissed on other grounds, any additional Doe Defendants

13   should be dismissed. *See Gillespie*, 629 F.2d at 642.

14        **H.    Defendants' Motion to Strike**

15        Defendants move to strike Plaintiff's request for declaratory and injunctive relief,

16   his request for attorney's fees, and his request for damages on behalf of Mr. Serris.

17   Defs. MTD at 13-14. Because all of Plaintiff's claims are dismissed, the Court declines to

18   address the motion to strike. Therefore, Defendants' motion to strike should be DENIED

19   as moot.

20        **I.    Leave to Amend**

21        If the court finds that a complaint should be dismissed for failure to state a claim, it

22   has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122,

23   1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that

24   the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id.* at

25   1130-31; *see also Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se

26   litigant must be given leave to amend his or her complaint, and some notice of its

27   deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not

28   be cured by amendment.") (citation omitted). However, if, after careful consideration, it is

1  clear that a complaint cannot be cured by amendment, the court may dismiss without

2  leave to amend. *Cato*, 70 F.3d at 1105-06.

3         As described above, the following claims cannot be cured by amendment:  the

4  First Amendment and due process Section 1983 claims (first and second claims) against

5  Defendant Vasquez in his official capacity; the due process claim (second claim) against

6  all defendants; and Bane Act claim (third claim) against all defendants. These claims,

7  therefore, should be dismissed without leave to amend.

8         Though it seems unlikely that Plaintiff can cure the defects as to his remaining

9  claims, because Plaintiff is pro se, leave to amend should be granted as to the following

10  claims only:  the First Amendment Section 1983 claim (first claim) against Defendant

11  Vasquez in his individual capacity; and the Ralph Act claim (fourth claim) against

12  Defendants Vasquez and the County of Solano. *See Cato*, 70 F.3d at 1106.

13         If Plaintiff elects to file an amended complaint, this new pleading shall be limited

14  to the First Amendment Section 1983 claim (first claim) against Defendant Vasquez in

15  his individual capacity; and the Ralph Act claim (fourth claim) against Defendants

16  Vasquez and the County of Solano only. Plaintiff is granted leave to amend his

17  complaint to the extent he can allege facts that sufficiently plead his claims. The

18  allegations of the complaint must be set forth in sequentially numbered paragraphs, with

19  each paragraph number being one greater than the one before, each paragraph having

20  its own number, and no paragraph number being repeated anywhere in the complaint.

21  Each paragraph should be limited "to a single set of circumstances" where possible. *See*

22  Fed. R. Civ. P. 10(b). Forms are available to help plaintiff organize his complaint in the

23  proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),

24  Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

25         The amended complaint must not require the Court and the defendants to guess

26  at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th

27  Cir. 1996) (affirming dismissal of a complaint where the district court was "literally

28  guessing as to what facts support the legal claims being asserted against certain

16

1    defendants"). The amended complaint must not require the Court to spend its time
2    "preparing the 'short and plain statement' which Rule 8 obligated plaintiff[] to submit." *Id*.
3    at 1180. The amended complaint must not require the Court and defendants to prepare
4    lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

5        Plaintiff is informed that the court cannot refer to a prior complaint or other filing in
6    order to make the amended complaint complete. Local Rule 220 requires that an
7    amended complaint be complete in itself without reference to any prior pleading. As a
8    general rule, an amended complaint supersedes prior complaint(s), and once the
9    amended complaint is filed and served, any previous complaint no longer serves any
10   function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

11   **IV.    CONCLUSION**

12       Based upon the findings above, it is RECOMMENDED that:

13   1.    Defendants' motion to dismiss (ECF No. 4) be GRANTED;

14   2.    Defendants' motion to strike (ECF No. 4) be DENIED as moot;

15   3.    The Doe Defendants be DISMISSED; and

16   4.    Plaintiff be granted twenty-one (21) days from any order adopting these
17         findings and recommendations to file an amended complaint limited to the
18         First Amendment Section 1983 claim (first claim) against Defendant
19         Vasquez in his individual capacity; and the Ralph Act claim (fourth claim)
20         against Defendants Vasquez and the County of Solano. Failure to timely
21         file an amended complaint will result in a recommendation that this action
22         be dismissed.

23       These findings and recommendations are submitted to the United States District
24   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within
25   14 days after being served with these findings and recommendations, any party may file
26   written objections with the Court and serve a copy on all parties. This document should
27   be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any
28   reply to the objections shall be served on all parties and filed with the Court within 14

17

days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 23, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, warn.1813.24